**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

JAMIE H. SMITH,                            *
                                           *
                                           *
        Plaintiff,                         *
                                           *
vs.                                        *       CASE NO. 3:22-CV-02218
                                           *
                                           *
WALMART, INC. #1222                        *
                                           *
                                           *
                                           *
        Defendants.                        *

NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
      NORTHERN DISTRICT OF FLORIDA
      PENSACOLA DIVISION

        Defendant WALMART, INC., incorrectly named in the Complaint as Walmart, Inc.

#1222, (hereinafter "Walmart"), gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this

cause is hereby removed from the Circuit Court of the First Judicial Circuit, in and for Escambia

County, Florida, Case No. 2022-CA-000199, to the United States District Court for the Northern

District of Florida, Pensacola Division.   As grounds for this removal, Defendant shows as

follows:

THE REMOVED CASE

1.      An action was commenced against Wal-Mart in the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida, entitled "*Jamie H. Smith, Plaintiff v. Walmart, Inc. #1222, a Foreign For-Profit Corporation, Defendant*" Civil Action No. 2002-ca-000199.

2.      This matter arose out of a July 31, 2020, incident at the Walmart store, #1222, in Pensacola, Florida, where a free-standing barricade blew over and hit Plaintiff.  Plaintiff has asserted premises liability claims, alleging negligence due to the existence of a dangerous condition at the store about which Walmart knew or should have known.  (Compl. Attached as Exhibit "A".)

PAPERS FROM REMOVED ACTION

3.      Pursuant to 28 U.S.C §1446(a) and Local Rule 7.2, Walmart attaches to this Notice of Removal a copy of all process pleadings, motions, and orders, on file in the stated court action.  (St. Ct. File, attached as Exhibit "B".)

REMOVAL IS TIMELY

4.      Plaintiff filed this action in state court on January 28, 2022.  According to the Circuit Clerk's office for Circuit Court of the First Judicial Circuit, in and for Escambia County, Florida, service of the initial pleading setting forth Plaintiff's claim for relief was affected upon Wal-Mart on February 7, 2022, which was Wal-Mart's first actual notice of this action.

5.      This notice of removal is filed in the United States District Court for the Northern District of Florida, Pensacola Division, within thirty (30) days of receipt by the Defendant of papers setting forth the claim for relief upon which Plaintiff's action is based in accordance with

28 U.S.C. § 1446(b)(1).  *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S.

(1999).

## VENUE IS PROPER

6.      The Circuit Court of the First Judicial Circuit, in and for Escambia County,

Florida, is within this Court's district and division; therefore, this action is properly removable to

this Court under 28 U.S.C. § 1441(a) & (b).  Furthermore, the acts complained of by Plaintiff in

his Complaint occurred in Escambia County Florida.  (Ex. A, Compl.)

## DIVERSITY OF CITIZENSHIP

7.      This Court has diversity jurisdiction over this matter pursuant to the provisions of

28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00

exclusive of interest and costs.

8.      Plaintiff is now and at all times material hereto, including at the time of the

commencement of this action and this Notice of Removal, a citizen of Escambia County, Florida.

(Ex. A, Compl., ¶2.)

9.      Walmart Inc. (formerly known as "Wal-Mart Stores, Inc.") is now and was at all

times material hereto, including at the time of the commencement of this action and this Notice

of Removal, a foreign corporation.  (Ex. A, Compl., ¶3.)  Walmart is a publicly traded company

incorporated under the laws of the State of Delaware, maintaining its principal place of business

in Bentonville, Arkansas.

AMOUNT IN CONTROVERSY
EXCEEDS $75,000

10.     Plaintiff's Complaint alleges that this is "an action for damages in excess of Thirty Thousand and 00/100 Dollars ($30,000.00)," which simply announces only that Plaintiff seeks to affect jurisdiction in a Florida Circuit Court.  The remainder of the Complaint alleges unspecified compensatory damages for personal injuries to Plaintiff, Jamie H. Smith, including damages for bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and the loss of earning and ability to earn money.  (Ex. A, Compl., ¶7.)  Plaintiff claims these damages "are either permanent or continuing and Plaintiff will suffer the losses in the future."  (Id.)

11.     On October 29, 2021, Plaintiff's Counsel sent a pre-suit settlement demand letter to Walmart alleging that Plaintiff sustained a foot injury from being "struck by a series of metal barricades outside the store that collapsed onto her foot" resulting in surgery.  (Correspondence of. 10/29/2021, attached as Exhibit "C".)    Plaintiff's Counsel demanded Two Hundred Thousand and 00/100 Dollars ($200,000.00) to resolve Plaintiff's claims.  (Id.)  Attached to this letter was a comprehensive settlement packet that included a list of all of Plaintiff's medical providers, a notation of medical bills in the amount of Thirty-Six Thousand, One Hundred Thirty-Seven and 64/100 Dollars ($36,137.64) related to the injury, and a large number of medical Records (which are not attached hereto so as to maintain Plaintiff's privacy)[1].  (Ex. C.)  There was also an "Investigative Report," included in the packet that includes the following description, in pertinent part, of the incident and injury:

---

[1]     Walmart is prepared to provide the Court with Plaintiff's medical records to review in-camera if the Court finds a review of these documents would be helpful in further evaluating the amount in controversy.

Steel-barred barricades, 40 inches high, had been erected to control the flow of customers into the store. These barricades were in six foot sections connected by plastic zip-ties. As she began walking along the sidewalk, the barricades began falling like dominoes as they were tied together. Ms. Smith could not get out of the way of the falling barricades in time to avoid being struck. A steel barricade landed on top of her left foot causing three fractures.

(Ex.C.)   The comprehensive nature of Plaintiff's demand amounts to a reasonable assessment of the value of Plaintiff's claim.

12.      It is well settled that "[i]f a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Roe v. Michelin North America, Inc.,*613 F.3d 1058, 1061 (11th Cir. 2010) (citations and internal quotation marks omitted); *see also Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1219 (11th Cir. 2001). However, a removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir.2010). Rather, the defendant may meet its burden by showing either that it is facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, or that there is "additional evidence demonstrating that removal is proper." *Roe,* 613 F.3d at 1061 (citations omitted). Correspondence from a plaintiff's counsel containing medical records, as relied upon here, can constitute "other paper" to support jurisdiction within the meaning of 28 U.S.C. § 1446(b). *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007). *See also Gleaton & Demaria Commercial Devel., LLC v. Westchester Surplus Lines Ins. Co.,* 2018 WL 8496001, at \*3 (N.D. Fla. September 21, 2018)(holding that a post-suite settlement demand that represented a reasonable assessment of the value of the claim constitutes other paper for purposes of removal); *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998) (holding

that settlement offers that provide "specific information ... to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight).

REMOVAL PAPERS

13.     This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

14.     Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Baldwin County, Alabama, and a written notice of this removal has been served on all adverse parties as required by law.

15.     If any questions arise as to the propriety of the removal of this action, Wal-Mart requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted February 25, 2022.


/s/ Chad C. Marchand
CHAD C. MARCHAND FL 00051030
ccm@delmar-law.com
*Attorney for Defendants Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Tax ID 20-5457973
Telephone:     (251) 433-1577
Facsimile:     (251) 433-7994

6

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon undersigned counsel on this the 25th day of February 2022.

Adrian R. Bridges
Michles & Booth, P.A.
1502 South Ferdon Blvd.
Crestview, FL  32536
Kevin@michlesbooth.com


/s/ Chad C. Marchand
OF COUNSEL